IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOT THOMPSON FARMS, LLC, | |
| Plaintiff, | 8:23CV25 |
| vs. | FINDINGS AND RECOMMENDATION |
| HAP HOLDINGS TRUST, and HCJ HOLDINGS TRUST, | |
| Defendants. | |

On February 14, 2023, the Court ordered the defendants, HAP Holdings Trust and HCJ Holdings Trust, to obtain the services of counsel and have that attorney file an appearance on their behalf no later than March 16, 2023. The order warned that failure to comply may result in an entry of default and/or default judgment against the defendants without further notice. (Filing No. 15). The order was mailed to Jan M. Mengedoht, an individual who has purported to file answers pro se on behalf of the defendants.

Rather than comply with the Court's order, Mr. Mengedoht filed a "Response" in which he cites to Neb. Rev. Stat. § 30-3881 regarding the powers of a trustee, and propositions of law regarding a trustee's ability to appear in court to represent his own legal interests in his individual capacity. See Filing No. 16 (citing *Moss v. Lingley*, No. 13MISC480577KCL, 2019 WL 6049967 (Mass. Land Ct. Nov. 13, 2019)). While a non-lawyer trustee may appear in court without licensed legal counsel to represent his own legal interests in an individual capacity, in this case the plaintiff has sued HAP Holdings Trust and HCJ Holdings Trust, not Mr. Mengedoht individually. Mr. Mengedoht, as a nonlawyer, cannot represent the interests of the defendant-trusts in this court. See *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."). To date, the defendant-trusts have not obtained licensed counsel, licensed counsel has not filed responsive pleadings on their behalf, and the defendants have not complied with the Court's Order (Filing No. 15). Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior Judge Joseph F. Bataillon, pursuant to 28 U.S.C. § 636(b), that a default and/or default judgment be entered against the defendants, HAP Holdings Trust and HCJ Holdings Trust without further notice.

The clerk shall mail a copy of this Findings and Recommendation to Jan M. Mengedoht at 19855 County Road 11, Herman, NE 68029.

Dated this 29th day of March, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.