IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SCOT THOMPSON FARMS, LLC,

               Plaintiff,

vs.

HAP HOLDINGS TRUST, and HCJ HOLDINGS TRUST,

               Defendants.

8:23CV25

**MEMORANDUM AND ORDER**

      This matter is before the Court on Plaintiff's Motion for Default Judgment (Filing No. 23) in a civil suit regarding fraudulent filings with the IRS.  Judgment is entered.

      Jan M. Mengedoht serves as trustee for both defendants, the HAP Holdings Trust and HCJ Holdings Trust.  In a prior tax enforcement suit involving the estate of one Carl A. Mengedoht, *United States v. Jan M. Mengedoht*, No. 17-cv-238, Mr. Mengedoht, individually and as executor and trustee, refused to comply with the Court's order to obtain counsel for the estate and the related HCJ trust, resulting in default judgment.  No. 17-cv-238, Filing No. 15.  Following summary judgment against Mr. Mengedoht, the Court ordered the lien's enforcement via seizure and sale of property in located Washington County, Nebraska.  No. 17-cv-238, Filing No. 55.  Current-plaintiff Scot Thompson Farms, LLC purchased it.  No. 17-cv-238, Filing No. 104.

      According to the present complaint, taken as true, *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010), Mr. Mengedoht retaliated by willfully filing several false (and then filing "corrected" false) 1099-MISC forms, reporting approximately $15.5 million the trusts paid to Plaintiff.  Aside from damages, costs, and fees, Plaintiff primarily requests a declaration that the reported income on these filings be reduced to zero.  Filing No. 1.

1

Mr. Mengedoht again declined to retain counsel for his entities, despite being ordered to by the Court.  Filing No. 15.  The Magistrate Judge *sua sponte* recommended entry of default and default judgment against the trusts.  Filing No. 18.  The Court ordered entry of default, and Plaintiff's motion for default judgment followed.  Filing Nos. 21, 22, 23.  This order follows a hearing held June 14, 2023, at which Mr. Mengedoht appeared without counsel for the trusts.  Filing No. 27.

There remains no dispute that Mr. Mengedoht has been served and has actual notice of this case; no question that he may not represent the trusts here, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994); no doubt (as he confirmed at the hearing) that he does not intend to retain counsel for the trusts; and no question that the Court possesses inherent authority to enforce its orders, *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947).  But judicial preference for adjudication on the merits, counsels caution.  *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).  The Court must ensure Plaintiff's allegations state a claim for relief.  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).

Section 7434 of the Internal Revenue Code (26 U.S.C.) subjects to damages, costs, and attorneys' fees those who willfully file fraudulent tax documents on behalf of another with the IRS.  *Cuellar-Aguilar v. Deggeller Attractions, Inc.*, 812 F.3d 614, 621 (8th Cir. 2015).[1]  Plaintiff has adequately alleged the substance of such claim.

---

[1] The Supreme Court has significantly curtailed Congress's ability to define statutory injury and resultant claims for relief.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).  Here, though, plaintiff has articulated a concrete and individualized injury-in-fact in the substantial likelihood that the IRS will inquire in the near-enough future to collect taxes and fees on some $15.5 million in unreported income (placing the paradigm pecuniary interest in controversy), plainly traceable to defendants' conduct, redressable by a declaration that no such unreported income exists and by damages, costs, and fees to reimburse plaintiff for its expected time and effort sorting the matter out with the IRS down the road.

First, while § 7434 applies only to nine forms of "information return[s]" referenced in § 6742(d)(1)(A), *Cavoto v. Hayes*, 634 F.3d 921 (7th Cir. 2011), the 1099-MISC documents here appear to fall within that class, as several district courts have found.[2] *E.g. Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-CV-05836, 2014 WL 292578 (N.D. Ill. Jan. 23, 2014). The reasoning of one such decision, neatly tracking the statutory text, is persuasive here:

> A 1099-MISC is considered an information return which is used to report to the IRS payments made under 26 U.S.C. § 6041(a) of $600.00 or more in any taxable year to persons who are not employees but who received payments of rent, salaries, wages, premiums, annuities, compensations, profits and other types of income.

*Vandenheede v. Vecchio*, No. 12-12284, 2013 WL 692876 (E.D. Mich. Feb. 26, 2013). As will be further discussed, defendants' 1099-MISC forms allege payment well over $600 for rents and services over many years, conceding the existence of a business relationship. For present purposes at least, the 1099-MISC forms fall within the statutory definition of "information return."

Second, Plaintiff has alleged that Defendants sent the documents to the IRS, a fact admitted in Mr. Mengedoht's affidavit submitted in opposition to default judgment. Filing No. 26.

Third, Plaintiff has adequately alleged the falsity of the document—that it has not received the supposed income. The 1099-MISC forms and accompanying documents describe the supposed payments as the values of 100 years' use of both wind and solar energy easements to HAP Holdings, 29 years' wages for Mr. Mengedoht's labor from January 1993 to November 2022, and $3,000,000 for involuntary conversion of the land—

---

[2] One of the original filings was a 1099-S, but all "corrected" documents are 1099-MISCs. Filing No. 1 at 25.

3

these last two "paid" by HCJ Holdings. Filing No. 25-8. Each proves spectral. *Plaintiff*, not the trusts, paid $3m for the land in August 2022 and naturally has not enjoyed Mr. Mengedoht's labor on the land since 1993. No. 17-cv-238, Filing No. 104. And assuming the HAP easements' existence, purportedly recorded May 2016, the 2011 tax lien takes priority, and thus the tax sale and conveyance of title to plaintiff extinguished them. *Verba v. Ohio Cas. Ins. Co.*, 851 F.2d 811, 815 (6th Cir. 1988); 26 U.S.C. § 6339(c); No. 17-cv-238, Filing No. 55.

Fourth, the allegations of Mr. Mengedoht's willful filing of the false documents in retaliation for Plaintiff's purchase of the seized property at auction ring plausible, given his alleged refusal to vacate the premises without intervention by the courts of this state, and the immediacy between Plaintiff's August 2022 purchase and September issuance and recording of the deed and Defendants' filing of the original 1099-MISC (and 1099-S) forms in November. Filing No. 1. In sum, Plaintiff has alleged a plausible claim.

\* \* \*

Default judgment is committed to the sound discretion of the court. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9 (8th Cir. 1977). Under the circumstances, Mr. Mengedoht's pattern of refusal to obtain counsel for his estates and trusts, despite court order, persuades the Court that default judgment is appropriate. And Plaintiff's request for the statutory damages of $5,000 per trust per filing, along with costs and attorneys' fees, does offer some measure of assurance that the trusts—and Mr. Mengedoht—will not be held to account for excessive or speculative damages.

That said, the Court, based on previous encounters with Mr. Mengedoht, is not entirely sure that Mr. Mengedoht acted maliciously. However, Mr. Mengendoht fully

4

understands the import of his actions. He unquestionably believes he is entitled to some proceeds of the estate lost to the Federal Tax Lien and to that end, is committed to altering the sale in whatever innovative ways he can conceive. Filing unsupported 1099's for income Plaintiff never received and for which neither trust nor Mr. Megnendoht provided value, is worthy of some sanction. As counsel for Plaintiff confirmed at the hearing, the primary relief sought is a declaration that the 1099-MISC forms should report an income of $0, relief that would likely spare Plaintiff far more in potential back taxes than damages, costs, and attorneys' fees. The Court finds such declaratory relief appropriate and the minimum statutory damages sufficient here.

THEREFORE, IT IS ORDERED THAT:

1) Plaintiff's motion for default judgment against HAP Holdings Trust and HCJ Holdings Trust, Jan. M. Mengedoht, Trustee, Filing No. 23, is granted;

2) Statutory damages in the amount of $5,000 for each of the four false Form 1099-MISC filings are awarded to Plaintiff;

3) The Court finds that each of the four 1099-MISC forms, Filing No. 25-8, should reflect payment from HAP Holdings Trust and HCJ Holdings Trust to Scot Thompson Farms, LLC in the amount of $0;

4) Under 26 U.S.C. 6339(c), Plaintiff purchased the subject property free of the claimed easements to either trust.

Dated this 21st day of June, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge